[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
I.
Judith Liston was appointed by the Court as Administrator of the intestate estate of Christina Marie Liston, late of West Hartford. Decedent's parents, Judith and Edward Liston, are the heirs-at-law. Net taxable assets totaling $112,561.66 will pass through probate to the heirs-at-law. The decedent also left four non-probate death benefit accounts totaling $128,593.00 naming the decedent's ex-husband Angel Rodriguez, as beneficiary. Angel Rodriguez' whereabouts are unknown and he is believed to have left the country. The Administrator has petitioned this Court to prorate the succession tax attributable to each non-testamentary asset passing to Mr. Rodriguez and to order the custodian of each asset to remit to the Administrator the succession tax allocable to such asset.
II.
CT Page 1982 Conn. Gen. Stat. § 12-385 authorizes the fiduciary to collect from the transferee the tax due "upon transfer of all property which belonged to the transferor" and the taxes due upon all lifetime transfers. If the transferee neglects, upon demand, to pay the tax, the fiduciary is authorized, upon such notice as the probate court may direct, to sell such portion of such property as may be necessary and to deduct the tax from the proceeds of the sale. Conn. Gen. Stat. § 12-385. However, the statute does not make clear how the fiduciary is to sell non-testamentary property that has already passed to the transferee or, as in this case, was never in the fiduciary's possession. Wilhelm, Connecticut Estates Practice, Death Taxes, 2nd Ed., § 87 (1984).
III.
Conn. Gen. Stat. § 12-376(a), provides for the proration of the succession tax in the following manner:
 "[e]xcept as provided by the provisions of a will, such tax shall be paid from property passing to the donee, beneficiary or distributee unless such recipient pays to the fiduciary or transferee the amount thereof. Each donee, beneficiary or distributee of the same class shall pay such percentage of the tax on property passing to such class as his share is of such property."
Angel Rodriguez is the estate's only Class C beneficiary. According to the Department of Revenue Services' tax tables, taxes of $16,078.01 will be due on the $128,593.00 passing to Mr. Rodriguez. The Court finds the tax allocable to each individual asset to be as follows:
Asset Taxable Value Allocable Tax
Todd Johnston Marvin Slayton $ 63,411.48 $ 7,928.35 Trustees, Structured Computer SYS, Inc. 401K Plan dtd 2/1/93 f/b/o Christina Liston
Prudential Bache Sec Cust f/b/o $ 19,785.88 $ 2,473.83 Christina Liston SEP IRA dtd 12/21/87
Fleet Bank IRA Plan, Retirement lD $ 8,104.31 $ 1,013.28 CT Page 1983 #00547416573
Vanguard Health Care Portfolio, $ 37,291.33 $ 4,662.55 VFTC IRA, Account #9881275013
Total $128,593.00 $16,078.01
IV.
Our Supreme Court has noted that Conn. Gen. Stat. § 12-367(a) and § 12-385 place the burden of all succession taxes attributable to nontestamentary property on the recipients of the property and authorize the fiduciary to "take appropriate steps to recover from the recipients of the non-testamentary property . . . their proportionate shares of all death taxes which the [fiduciary is] compelled to pay." Morgan Guaranty TrustCo v. Huntington, 149 Conn. 331, 335-6 (1962). The Court holds that, because the Administrator is unable to procure payment from the designated recipient, Angel Rodriguez, and the nontestamentary property has not yet passed to him, the custodians of said property should remit the proportionate share of the Connecticut succession tax to the Administrator.
Wherefore, it is hereby ordered and decreed that:
The holders of the non-testamentary assets set forth in section III, herein, shall remit the tax allocable to their respective asset as set forth in section III to: Judith Liston, Administrator, c/o Richard Goodman, Esq., 68 South Main St., West Hartford, CT 06107. Dated at West Hartford, Connecticut this 10th day of September, 1998.
Berman, J.